**Bobbie L. FALLS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17715.**

United States Court of Appeals District of Columbia Circuit.

Argued June 26, 1963.

Decided July 11, 1963.

Mr. L. Welch Pogue, Washington, D. C. (appointed by this court), for appellant.

Mr. William C. Weitzel, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee. Mr. Barry Sidman, Asst. U. S. Atty., also entered an appearance for appellee.

Before DANAHER, BASTIAN and MC-GOWAN, Circuit Judges.

PER CURIAM.

Appellant was indicted for second degree murder, § 22–2403, D.C.Code, and was convicted of manslaughter, § 22–2405, D.C.Code.[1]

The evidence offered by the Government, and obviously accepted by the jury, was that the victim, a young girl eighteen years of age, together with a friend of hers, went to a restaurant in the District of Columbia. After the closing of the restaurant she stood with a girl friend on a corner for a short time, talking to several members of the band which had been playing in the restaurant. Appellant approached the decedent and struck her in the face with his fist. He told her to come to where he was and, on her refusal, chased her down the street. After catching her, he again struck her as she lay over an iron picket fence. Seriously injured, she was taken first to her home and later to a hospital, where she died about three hours after the assault upon her.

At the trial the Deputy Coroner for the District of Columbia testified that he had performed an autopsy on the body of de-

1. § 22–2405. *"Punishment for manslaughter.* Whoever commits manslaughter shall be punished by a fine not exceeding one thousand dollars, or by imprisonment not exceeding fifteen years, or by both such fine and imprisonment."

cedent; that the cause of death was hemorrhage and shock due to a rupture of the liver with a massive hemorrhage in the parietal cavity.[2] He expressed the opinion that a blow in the rear of decedent's body while she was lying across the picket fence would be sufficient to cause the type of injury sustained by the decedent. He further stated that an ordinary fall would not cause such injury.[3]

After instructing on the offense of second degree murder, the trial court instructed the jury on the lesser included offense of manslaughter.[4]

On this appeal appellant attacks the trial court's charge, which was not objected to at the trial.[5] The charge, considered as a whole, conveyed to the jury the correct rules on second degree murder and manslaughter; and we are further convinced that the matters about which appellant complains do not affect substantial rights under Fed.R.Crim.P. 52(b).

Affirmed.

2. There were abrasions about both knees, and a bruise over the right side of decedent's lower chest, at the junction of the fifth and six ribs, of the sternum.

3. Appellant's story was that he ran into the decedent and that she fell across the fence.

4. Cf. Allen v. United States, 164 U.S. 492, 496–497, 17 S.Ct. 154, 41 L.Ed. 528 (1896); Fryer v. United States, 93 U.S. App.D.C. 34, 207 F.2d 134, cert. denied, 346 U.S. 885, 74 S.Ct. 135, 98 L.Ed. 389 (1953).

5. Trial counsel, who is not counsel in this court, announced that he was satisfied with the charge.